UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Yovani AUDELO-Ceja (D1)<br>Francisco GARCIA-Rodriguez (D2) | Magistrate Case No. 08 MJ 1721<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1324(a)(1)(A)(iv)-Inducing and Encouraging Illegal Alien(s) To Enter the United States,<br>Title 18 U.S.C., Sec 2- Aiding and Abetting (Felony)<br>Title 8, U.S.C., Section 1324(a)(1)(A)(ii)<br>Transportation of Illegal Aliens |

The undersigned complainant being duly sworn states:

### Count 1

On or about **May 30, 2008**, within the Southern District of California, defendant **Francisco GARCIA-Rodriguez (D2)** did encourage and induce an alien, namely **Marina FRANCO-Flores** with the intent to violate the immigration laws of the United States, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence in the United States is and will be in violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), and Title 18, United States Code, Section 2

### Count II

On or about **May 30, 2008**, within the Southern District of California, defendant **Yovani AUDELO-Ceja (D1)**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that alien, namely, **Vicente FLORES-Gaxiola**, had come to, entered and remained in the United States in violation of law, did transport and move, said alien within the United States in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Signature of Complainant
Christopher A Gomez, Special Agent
Immigration and Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **2nd** DAY OF **JUNE** 2008.

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I, Immigration and Customs Enforcement Special Agent Christopher A. Gomez, declare under penalty of perjury, the following is true and correct:

The complainant states that both **Marina FRANCO-Flores** (herein referred to as **MW1**) and **Vicente FLORES-Gaxiola** (herein referred to as **MW2**) are citizens of a country other than the United States; that said aliens have admitted they are removable; that their testimony is material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On May 30, 2008, at approximately 5:30 a.m., Immigration and Customs Enforcement Special Agents along with Customs and Border Protection Officers engaged in an operation designed to target smugglers actively engaged in illegal human smuggling in and around the San Ysidro Port of Entry by allowing alien(s) presenting imposter or fraudulent documents to enter the United States under constructive restraint. Agents follow the alien(s) in an attempt to identify individuals assisting with the illegal entry of the alien.

A CBP officer at pedestrian primary inspection identified **MW1** as an imposter to a DSP-150 (B1/B2 Visa Border Crossing Card) and alerted agents participating in the operation. **MW1** exited the POE and walked northbound on the east side San Ysidro Boulevard. Agents followed **MW1** and maintained constant visual contact with **MW1**. As **MW1** approached the Jack in the Box restaurant located on San Ysidro Boulevard she met with a male subject, later identified as Francisco Moises GARCIA-Rodriguez (herein referred to as **D2**) on San Ysidro Blvd. Both subjects traveled north on foot to the intersection of San Ysidro Blvd and Border Village Rd.

Minutes later, a Chrysler 300M, with California license plate 6DJE912 driven by a male later identified as Yovani AUDELO-Ceja (herein referred to as **D1**) approached **MW1** and **D2**. Also in the vehicle as a passenger was **MW2**. **MW1** subsequently boarded the vehicle. At this time agents approached the vehicle and identified themselves. **MW1**, **MW2**, **D1** and **D2** were placed under arrest. All subjects were transported to the San Ysidro Port of Entry for processing.

**D1** was advised of his Miranda rights, stated he understood his rights and executed a written waiver which indicated that he agreed to answer questions without a lawyer present.

**D1** stated that he received a call from an unknown smuggler at approximately 5:30 A.M. on May 30, 2008. **D1** stated the smuggler told him to meet with him at the McDonalds on Plaza Blvd in National City, CA. **D1** stated the smuggler gave him the keys to the aforementioned Chrysler 300M. The smuggler directed **D1** to pick up a female, later identified as **MW1** from the Kentucky Fried Chicken Restaurant (KFC) on the corner of San Ysidro Blvd and Border Village Rd. **D1** agreed and was to be paid $300.00 U.S. Dollars. The smuggler told **D1** he would be picking up **MW1** guided by a man in a black jacket and black baseball cap later identified as **D2**. **D1** stated the smuggler told **D2** to look for him near the KFC. **D1** stated the smuggler told him to return to the McDonalds on Plaza Blvd. upon picking up the alien.

**D1** stated that enroute to the KFC Restaurant, the smuggler called him and advised him to pick up another illegal alien in the same area in San Ysidro in the Burger King parking lot. **D1** would

receive an extra $300.00 U.S. Dollars. **D1** said he went to the Burger King Parking lot and waited until an unidentified guide brought him a smuggled alien later identified as **MW2**.

**D1** stated that **MW2** entered the vehicle and sat in the passenger seat. **D1** stated that the smuggler would be in constant communication with the guides to direct them to his vehicle. Shortly after picking up **MW2**, **D1** saw **D2** walking with **MW1**. **D1** saw **D2** signaling to him. **D1** pulled over on San Ysidro Blvd near the KFC Restaurant and **D2** directed **MW1** to the vehicle.

**D1** acknowledged that he was aware that his passengers, **MW 1 and MW2**, did not possess the proper documentation to enter, pass through or remain in the United States and that it was against the law to transport undocumented aliens within the United States. **D1** stated that for being the operator of the vehicle, and for having **MW1** and **MW2** as passengers, he was to receive $300.00 per person as payment for successfully delivering **MW1** and **MW2** to the smuggler.

During a videotaped interview, **MW1** stated that she is a Mexican citizen by virtue of birth in Morelia, Mexico with no legal rights to enter, pass through, or remain in the United States. **MW1** stated she was going to pay a $ 4,000.00 smuggling fee for successful delivery to Los Angeles, California. **MW1** stated that on May 30, 2008 she met with **D2** in front of a hotel in Tijuana, Mexico. **MW1** stated **D2** provided her with the I-551 not lawfully issued to her and instructed her to memorize the information. **MW1** stated she and **D2** took a taxi to the San Ysidro POE where they entered the United States. **MW1** stated she followed **D2** in the United States until she was directed by him to step into the aforementioned Chrysler 300M.

**MW1** was shown a photo line-up of six individuals and she identified **D2** as the person who picked her up at the hotel, provided her the I-551 and guided her through the San Ysidro POE. **MW1** also stated that **D2** guided her to the Chrysler 300M driven by **D1**.

During a videotaped interview, **MW2** stated that he is a Mexican citizen by virtue of birth in Mazatlan, Sinaloa, Mexico with no legal rights to enter, pass through, or remain in the United States. **MW2** stated that he paid a $200.00 advance and his cousin would pay the rest of the amount to the smuggler. On May 30, 2008, **MW2** was driven by an unknown smuggler to the San Ysidro POE. **MW2** stated the smuggler told him to cross through the POE using a DSP-150 not lawfully issued to him, and that a man would be waiting in the United States to take the DSP-150 from him and guide him to a vehicle.

After crossing into the United States, an unknown smuggler approached **MW2**, took the DSP-150, and guided him to a vehicle, later identified as the aforementioned Chrysler 300M, parked near Burger King on San Ysidro Blvd. **MW2** boarded the vehicle and awaited further instructions. **MW2** stated that **D1** informed him he had to pick up one more person, a female later identified as **MW1**. **MW2** stated they drove to the Kentucky Fried Chicken on the corner of San Ysidro Blvd and Border Village Rd. **MW2** stated that **D1** pointed to **MW1** and the **D2** walking toward them on San Ysidro Blvd. **MW2** stated **MW1** boarded the vehicle.

D2 was advised of his Miranda rights, stated he understood his rights and executed a written waiver which indicated that he agreed to answer questions without a lawyer present. D2 denied guiding MW1 through the San Ysidro Port of Entry.

EXECUTED ON THIS 30th DAY OF May 2008 AT 9:00 PM.

_____
Christopher A. Gomez / ICE Special Agent

On the basis of the facts presented in the Probable Cause Statement consisting of 3 pages, I find probable cause to believe that the defendants named therein committed the offense on **May 30, 2008** in violation of Title 8, United States Code, Section 1324.

I struck D1 (Yovani Audelo-Ceja) from Count 2

_____          5/31/08 · 753 PM
MAGISTRATE JUDGE                          DATE / TIME