1  KAREN P. HEWITT
   United States Attorney
2  JAMES P. MELENDRES
   Assistant United States Attorney
3  California State Bar No. Pending
   United States Attorney's Office
4  Federal Office Building
   880 Front Street, Room 6293
5  San Diego, California 92101
   Telephone: (619) 557-6327
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA

FILED
JUN 1 7 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY         DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA  08CR1971-W

| UNITED STATES OF AMERICA, | ) | Magistrate Case No. 08MJ1721 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | STIPULATION OF FACT AND JOINT MOTION FOR RELEASE OF MATERIAL WITNESS(ES) AND ORDER THEREON |
| FRANCISCO GARCIA-RODRIGUEZ (2), | ) | |
| Defendant. | ) | |
| | ) | (Pre-Indictment Fast-Track Program) |

**IT IS HEREBY STIPULATED AND AGREED** between the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and James P. Melendres, Assistant United States Attorney, and defendant FRANCISCO GARCIA-RODRIGUEZ, by and through and with the advice and consent of defense counsel, Jose C. Rojo, that:

1.   Defendant agrees to execute this stipulation on or before the first preliminary hearing date and to participate in a full and complete inquiry by the Court into whether defendant knowingly, intelligently and voluntarily entered into it. Defendant agrees further to waive indictment and plead guilty to the pre-indictment information charging defendant with a non-mandatory minimum count of Inducing and Encouraging Illegal Aliens and Aiding and Abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II).

//

//

JPME:lg:6/11/08

2. Defendant acknowledges receipt of a plea agreement in this case and agrees to provide the signed, original plea agreement to the Government not later than five business days before the disposition date set by the Court.

3. Defendant agrees to plead guilty to the charge pursuant to the plea agreement on or before **July 2, 2008**

4. The material witnesses, Marina Franco-Flores and Vicente Flores-Gaxiola, in this case:

    a. Are aliens with no lawful right to enter or remain in the United States;

    b. Were induced or encouraged by defendant and codefendant Yovani Audelo-Ceja, to enter the United States in violation of the law on or about May 30, 2008, by presenting an I-551 Resident Alien card to an immigration inspector and claiming that the card belonged to them, when in fact, it did not;

    c. Were found in a vehicle driven by codefendant Yovani Audelo-Ceja at or near the San Ysidro, California, Port of Entry (POE), and that defendant knew or acted in reckless disregard of the fact that they were aliens with no lawful right to enter or remain in the United States;

    d. Were paying or having others pay on their behalf $200 up to an unknown amount to others to be brought into the United States illegally and/or transported illegally to their destinations therein; and,

    e. May be released and remanded immediately to the Department of Homeland Security for return to their country of origin.

5. After the material witnesses are ordered released by the Court pursuant to this stipulation and joint motion, if defendant does not plead guilty to the charge set forth above, for any reason, or thereafter withdraws his guilty plea to that charge, defendant agrees that in any proceeding, including, but not limited to, motion hearings, trial, sentencing, appeal or collateral attack, that:

    a. The stipulated facts set forth in paragraph 4 above shall be admitted as substantive evidence;

     b.    The United States may elicit hearsay testimony from arresting agents regarding any statements made by the material witness(es) provided in discovery, and such testimony shall be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as statements against interest of (an) unavailable witness(es); and,

     c.    Understanding that under Crawford v. Washington, 124 S. Ct. 1354 (2004), "testimonial" hearsay statements are not admissible against a defendant unless defendant confronted and cross-examined the witness(es) who made the "testimonial" hearsay statements, defendant waives the right to confront and cross-examine the material witness(es) in this case.

6.    By signing this stipulation and joint motion, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant certifies further that defendant has discussed the terms of this stipulation and joint motion with defense counsel and fully understands its meaning and effect.

Based on the foregoing, the parties jointly move the stipulation into evidence and for the immediate release and remand of the above-named material witness(es) to the Department of Homeland Security for return to their country of origin.

It is STIPULATED AND AGREED this date.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

Dated: 6/18/08

JAMES P. MELENDRES
Assistant United States Attorney

Dated: 6-16-08

JOSE C. ROJO
Defense Counsel for
FRANCISCO GARCIA-RODRIGUEZ

Dated: 6-17-08

FRANCISCO GARCIA-RODRIGUEZ
Defendant

Stipulation of Fact and Joint Motion for Release of
Material Witness(es) And Order Thereon in
United States v. Francisco Garcia-Rodriguez (2)    3    08MJ1721

# ORDER

Upon joint application and motion of the parties, and for good cause shown,

**THE STIPULATION** is admitted into evidence, and,

**IT IS ORDERED** that the above-named material witness(es) be released and remanded forthwith to the Department of Homeland Security for return to their country of origin.

**SO ORDERED.**

Dated: 6/17/08

_____
United States Magistrate Judge

Stipulation of Fact and Joint Motion for Release of
Material Witness(es) And Order Thereon in
United States v. Francisco Garcia-Rodriguez (2)       4       08MJ1721